# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civ. No. 16-cv-360 |
| U.S. DEPARTMENT OF DEFENSE, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF MARK H. HERRINGTON

Pursuant to 28 U.S.C. § 1746, I, Mark H. Herrington, hereby declare under penalty of

perjury that the following is true and correct:

1.      I am an Associate Deputy General Counsel in the Office of General Counsel

("OGC") of the United States Department of Defense ("DoD").  OGC provides legal advice to

the Secretary of Defense and other leaders within the DoD.  I am responsible for, among other

things, overseeing Freedom of Information Act ("FOIA") litigation involving DoD.  I have held

my current position since March 2007.  My duties include coordinating searches across DoD to

ensure thoroughness, reasonableness, and consistency, and also coordinating productions of

responsive documents, including the appropriate redaction of some of those documents.

2.      The statements in this declaration are based upon my personal knowledge and

upon my review of information available to me in my official capacity.  Specifically, I am the

OGC counsel currently assigned to this case.

### Administrative Background

3.      On December 11, 2015, Plaintiff filed a FOIA requests with DoD and the Central

Intelligence Agency ("CIA") for:

Any and all documents, records, and/or communications concerning, regarding, or related to memoranda drafted by Stephen W. Preston, former C.I.A. General Counsel; Mary B. DeRosa, former National Security Council Legal Adviser; Jeh C. Johnson, former Pentagon General Counsel; and then-Rear Admiral James W. Crawford III, former Joint Chiefs of Staff Legal Adviser, regarding options, authority, rationale, details, analysis, legal factors, policy concerns, opinions, and conclusions for the search, raid, capture, and/or killing of Osama bin Laden in 2011. Relevant documents, records, and/or communications include, but are not limited to:

a. A memorandum written by former Pentagon General Counsel Jeh C. Johnson concerning any violation of Pakistani sovereignty in seeking, capturing, and/or killing Osama bin Laden in 2011;

b. A memorandum written by former C.I.A. General Counsel Stephen W. Preston regarding when the administration must alert congressional leaders about the raid, capture, and/or killing of Osama bin Laden in 2011;

c. A memorandum written by former National Security Council Legal Adviser Mary B. DeRosa concerning a Navy SEAL team going into a raid with the intention of killing as a default option during the search, raid, capture and/or killing of Osama bin Laden in 2011;

d. A memorandum written by former National Security Council Legal Adviser Mary B. DeRosa regarding plans for detaining Osama bin Laden in the event of his capture;

e. A memorandum written by former Joint Chiefs of Staff Legal Adviser then-Rear Admiral James W. Crawford III regarding options and/or plans for Osama bin Laden's burial.

Plaintiff subsequently limited the scope of its request to the five memoranda specifically mentioned in the request.

4.     On June 13, 2016, Defendants, through counsel, informed counsel for Plaintiff that Defendants had located and processed five responsive memoranda, which were withheld in full pursuant to FOIA Exemptions 1, 3, and 5. The applicability of Exemptions 1 and 3 are addressed by the CIA in the Declaration of Antoinette B. Shiner. The Shiner declaration also addresses the applicability of Exemption 5 and details the assertion of the Presidential Communication Privilege for all five of the memoranda. The purpose of this declaration is to provide the basis for the assertions of Exemption 5 to the memorandum authored by the DoD

General Counsel, Mr. Jeh Johnson, and the memorandum written by the Joint Chiefs of Staff

Legal Advisor, Rear Admiral James W. Crawford, III.

## FOIA Exemption 5

5.       Exemption 5, 5 U.S.C. § 552(b)(5), permits the withholding of "inter-agency or

intra-agency memorandums or letters which would not be available by law to a party other than

an agency in litigation with the agency." Exemption 5 allows an agency to exempt information

that is normally privileged in the civil discovery context. As discussed in greater depth below,

DoD asserts the deliberative process privilege and the attorney-client privilege over the two

memoranda at issue in this declaration.

6.       DoD has asserted the deliberative process privilege over both of the memoranda

to protect pre-decisional and deliberative information. The memoranda are pre-decisional

because they memorialize analysis and advice provided to the President's closest national

security advisors prior to a final decision about whether to approve the bin laden operation. The

memoranda are also deliberative, as they represent the opinions, advice, analysis and

recommendations conveyed by senior government attorneys during the inter-agency decision-

making process. The information was conveyed to the President's national security advisors in

an attempt to influence and inform the formation of the President's decision, and is not a

recitation of a final policy, position, or decision.

7.       Both of these memoranda provide frank and candid opinions of senior

government officials, the release of which could chill future deliberations. There is a particular

need for confidentiality with respect to the advice provided by lawyers who advise Executive

Branch policymakers regarding the legal implications of contemplated policy determinations.

By its very nature, such legal advice is pre-decisional and deliberative—part of the exchange of

ideas and suggestions that accompanies careful Executive Branch decision-making. The ability

to candidly express views is especially critical for legal advisers when articulating and refining their legal advice and analysis. Compelled disclosure of such analysis would seriously inhibit the candor and effectiveness of the advisers engaged in this highly deliberative process, and the quality and integrity of the final result would inevitably suffer. In addition, the memoranda represent only the views of one agency, and thus, their release could confuse or mislead the public regarding the Government's final position on the legality of aspects of the bin Laden operation.

8. Further, DoD has asserted the attorney-client privilege over both memoranda to protect communications between senior government attorneys and the President's national security advisors in connection with a request for legal advice regarding the raid on Osama bin Laden's compound. DoD has maintained the confidentiality of these attorney-client communications, notwithstanding the official acknowledgement of the operation itself. Public disclosure of the attorney-client communications would seriously disrupt open communication between the President and his attorneys, as well as deprive government decision-makers of the full and candid advice of their counsel. Indeed, disclosure of this type of deliberative memorandum would hamper the day-to-day workings of the Executive Branch, as senior attorneys would no longer feel free to convey their recommendations in formal written correspondence.

### Review for Reasonably Segregable Information

9. I have conducted a page-by-page and line-by-line review of two memoranda at issue in this declaration. I can confirm that there is no reasonably segregable information, factual or otherwise, contained in either memorandum. With regard to the arguably non-deliberative facts in the documents, such information cannot be disclosed because it is inextricably intertwined with the deliberative parts of the memoranda. In any event, the

memoranda remain privileged in their entirety under the attorney-client and presidential communications privileges.  Moreover, the Shiner Declaration establishes that some of the arguably non-deliberative facts are currently and properly classified and cannot be disclosed.

10.     I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and information.

Dated this 17th day of August, 2016, in Arlington, VA.


Mark H. Herrington, Esq.

5