## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:16-cv-00360 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, et al | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rule 56(c) of

the Federal Rules of Civil Procedure, respectfully submits this memorandum of law in opposition

to the motion for summary judgment of Defendants U.S. Department of Defense ("Defense

Department") and the Central Intelligence Agency ("CIA") (collectively "Defendants") and in

support of its cross-motion for summary judgment.   As grounds thereof, Judicial Watch states as

follows:

### INTRODUCTION

Defendants are withholding five memoranda responsive to the Plaintiff's request for

records under the Freedom of Information Act ("FOIA").   Defendants provide the Declaration

of Antoinette B. Shiner ("Shiner Decl.") asserting that the memoranda must be withheld in full

under FOIA Exemption 5 and the presidential communications, attorney-client, and deliberative

process privileges as well as under Exemptions 1 and 3 for classified information contained in

the memoranda.   Defendants also rely on the Declaration of Mark H. Herrington ("Herrington

Decl.") to provide a basis for the assertions of Exemption 5 to the memorandum authored by the

DoD.    Ms. Shiner and Mr. Herrington assert that based on their experience and knowledge of the subject matter, they alone have determined that none of the information contained in the memoranda may be released as requested without damaging national security and chilling the flow of candid advice necessary for effective government and decision-making.

However, Defendants are not entitled to judgment as a matter of law.    Defendants have inaccurately asserted the several privileges afforded exemption from disclosure under FOIA and broadly applied Exemptions 1 and 3 without adequate justification.    For this and other compelling reasons set forth below, Plaintiff is entitled to judgment as a matter of law. Defendants should be ordered to release the reasonably segregable portions of the memoranda.

## BACKGROUND

I.    Plaintiff's FOIA Request

Plaintiff served separate FOIA requests on Defendants on December 11, 2015 seeking the following:

Any and all documents, records, and/or communications concerning, regarding, or related to memoranda drafted by Stephen W. Preston, former C.I.A. General Counsel; Mary B. DeRosa, former National Security Council Legal Adviser; Jeh C. Johnson, former Pentagon General Counsel; and then-Rear Admiral James W. Crawford III, former Joint Chiefs of Staff Legal Adviser, regarding options, authority, rationale, details, analysis, legal factors, policy concerns, opinions, and conclusions for the search, raid, capture, and/or killing of Osama bin Laden in 2011.    Relevant documents, records, and/or communications include, but are not limited to:

    a.    A memorandum written by former Pentagon General Counsel Jeh C. Johnson concerning any violation of Pakistani sovereignty in seeking, capturing, and/or killing Osama bin Laden in 2011;

    b.    A memorandum written by former C.I.A. General Counsel Stephen W. Preston regarding when the administration must alert congressional leaders about the raid, capture, and/or killing of Osama bin Laden in 2011;

  c.  A memorandum written by former National Security
Council Legal Adviser Mary B. DeRosa concerning a Navy
SEAL team going into a raid with the intention of killing as
a default option during the search, raid, capture and/or
killing of Osama bin Laden in 2011;

  d.  A memorandum written by former National Security
Council Legal Adviser Mary B. DeRosa regarding plans for
detaining Osama bin Laden in the event of his capture;

  e.  A memorandum written by former Joint Chiefs of Staff
Legal Adviser then-Rear Admiral James W. Crawford III
regarding options and/or plans for Osama bin Laden's
burial.

*See* Def.'s SOF ¶1. When Defendants failed to make determinations on the request within the time required by FOIA, Plaintiff filed suit on February 24, 2016. *See* Complaint, ECF No. 1.

  At the request of Defendants, Plaintiff agreed to limit its FOIA request to only the five memoranda at issue. *See* Def.'s SOF ¶2. Defendants, in turn, agreed to produce releasable portions of the responsive memoranda by or before June 13, 2016. *See* Plf.'s SOF ¶1. On June 13, 2016, Defendants provided Plaintiff with a letter informing it that Defendants were withholding all 5 legal memoranda in full pursuant to FOIA Exemptions 1, 3, and 5. *See* Plf.'s SOF ¶2. 5 U.S.C. §§ 552(b)(1),(b)(3), and (b)(5). On June 17, 2016, Plaintiff informed Defendants that it was challenging their determination and the entire withholding. *See* Plf.'s SOF ¶3.

## ARGUMENT

I. <u>Legal Standard</u>

  FOIA generally requires complete disclosure of requested agency information unless the information falls into one of FOIA's nine clearly delineated exemptions. 5 U.S.C. § 552(b); *see Department of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (discussing the history and

purpose of FOIA and the structure of FOIA exemptions).   In light of FOIA's goal of promoting

a general philosophy of full agency disclosure, the exemptions are to be construed narrowly.

*United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989).   "[T]he strong

presumption in favor of disclosure places the burden on the agency to justify the withholding of

any requested documents."   *United States Department of State v. Ray*, 502 U.S. 164, 173

(1991).

 In FOIA litigation, as in all litigation, summary judgment is appropriate only when the

pleadings and declarations demonstrate that there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law.   *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986); Fed.R.Civ.P. 56(c).   In FOIA cases, agency decisions to "withhold or

disclose information under FOIA are reviewed *de novo*."   *Judicial Watch, Inc. v. U.S. Postal

Service*, 297 F. Supp.2d 252, 256 (D.D.C. 2004).   In reviewing a motion for summary judgment

under FOIA, the court must view the facts in the light most favorable to the requester.

*Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

 For an agency to prevail on a claim of exemption, it must "prove that each document that

falls within the class requested either has been produced, is unidentifiable, or is wholly exempt

from the Act's inspection requirements."   *Goland v. Central Intelligence Agency*, 607 F.2d 339,

352 (D.C. Cir. 1978).   "Reliance on 'agency affidavits is warranted if the affidavits describe the

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate

that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"

*Sciba v. Board of Governors*, 2005 U.S. Dist. LEXIS 45686, *4 (D.D.C. Nov. 5, 2005) (*quoting

Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981)).   The court may require an

*in camera* inspection of the withheld documents to "insure that agencies do not misuse the FOIA exemptions to conceal non-exempt information." *Carter v. U.S. Department of Commerce*, 830 F.2d 388, 393 (D.C. Cir. 1987) (*quoting Allen v. Central Intelligence Agency*, 636 F.2d 1287, 1298 (D.C. Cir. 1980)).

Finally, an agency must demonstrate that, even where particular exemptions properly apply, all non-exempt information has been segregated and disclosed. *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1116 (D.C. Cir. 2007); *Shurberg Broadcasting of Hartford v. Federal Communications Commission*, 617 F. Supp. 825, 828 (D.D.C. 1985). A segregability determination is absolutely essential to any FOIA decision. *See Summers v. Department of Justice*, 140 F.3d 1077, 1081 (D.C. Cir. 1998).

Defendants' assertion of special considerations in national security cases does not alter the well-established legal standards described above that apply to FOIA cases. *See Lawyers Comm. for Human Rights v. Immigration & Naturalization Serv.,* 721 F.Supp. 552, 560 (S.D.N.Y. 1989) (exemptions are "narrowly construed to ensure that Government agencies do not develop a rubber stamp, 'top secret' mentality behind which they can shield legitimately disclosable documents").

## II.   The Memoranda are Not Properly Withheld Under Asserted FOIA Exemptions

### a.   The Privileges Asserted Pursuant to Exemption 5 Do Not Apply

#### i.   Attorney Client Privilege

The purpose of attorney client privilege is to protect a client's factual disclosures to an attorney meant to be held in confidence.   In addition, communications by attorneys are protected only "if they rest on confidential information obtained from the client." *In re Sealed Case,* 737 F.2d 94, 99 (quoting *Mead Data Central, Inc. v. United States Sep't of Air Force*, 566

F.2d 242, 254 (D.C. Cir. 1977).    The attorney client privilege does not protect an attorney's

opinion or advice, but only "the secrecy of the underlying facts" obtained from the client.

*Mead*, 566 F.2d at 254 n. 28.    Here, the memoranda are not privileged because Defendants fail

to show any confidential facts obtained from the client.    Defendants must show with

"reasonable certainty… that the lawyer's communication rested in significant and inseparable

part on the client's confidential disclosure."    *In re Sealed Case*, 737 F.2d at 99 (citation

omitted).

Here, Mr. Herrington states "DoD has asserted the attorney-client privilege over both

memoranda to protect communications between senior government attorneys and the President's

national security advisors in connection with a request for legal advice regarding the raid on

Osama bin Laden's compound."    *See* Herrington Decl. ¶8.    Mr. Herrington asserts that DoD

has maintained the confidentiality of the attorney-client communications.    *Id.*    However, DoD

fails to identify what confidential information would be jeopardized in releasing the memoranda.

The attorney-client privilege under Exemption 5 is to be "narrowly construed and is limited to

those situations in which its purpose will be served."    *Coastal States Gas,* 617 F.2d at 862.

Similarly, Ms. Shiner's declaration fails to identify the underlying facts provided by the

client that require the privileged protection.    *See Mead*, 566 F.2d at 254 n. 28.    Ms. Shiner

states that the attorney-client privilege "applies to these memoranda in full as they consist of

confidential legal advice conveyed by national security attorneys analyzing different legal issues

associated with the proposed operation that was provided to the client."    *See* Shiner Decl. ¶11.

Ms. Shiner asserts that disclosure of such legal advice "would diminish the quality of legal

representation provided by government attorneys because clients would be reluctant to freely and

accurately communicate factual information, questions, or concerns for fear that those

discussions would be publically disclosed." *Id.*

D.C. Circuit held otherwise confidential agency memoranda are not protected under the privilege if they are authoritative interpretations of law. *See Tax Analysts*, 117 F.3d at 619-20. The privileges purpose is not served to deny the public an opportunity to assess the legal analysis of a policy that has been put into place or practice. These types of legal opinions "are not the ideas and theories which go into the making of the law, they are the law itself, and as such should be made available to the public." *Neimeier v. Watergate Spec. Prosecution Force*, 565 F.2d 967, 974 (7th Cir. 1977).

Defendants declarations fail to demonstrate that the memoranda (1) involve "confidential communications between an attorney and his client"; and (2) relate to "a legal matter for which the client has sought professional advice." *See Mead*, 566 F.2d at 252. Ms. Shiner states that "the memoranda requested by plaintiff memorialize the confidential legal advice of those attorneys on certain significant legal aspects of the bin Laden raid." Shiner Decl. ¶8. However, the D.C. Circuit has held that otherwise confidential agency memoranda are not protected under the privilege if they are authoritative interpretations of agency law because attorney-client privilege may not be used to protect…agency law from public disclosure. *Tax Analysts*, 117 F.3d at 619; *see also Falcone v. IRS*, 479 F.Supp. 985, 989-90 (E.D. Mich. 1979) (privilege not meant to permit legal opinions, recognized as authoritative interpretations within an agency, to be hidden from the public). The memoranda at issue here simply provide the President and his administration with an authoritative interpretation of the law to justify the specific raid on Osama bin Laden. Such legally authorized justification should not be shielded from the public eye.

ii. Deliberative Process Privilege

In order to withhold information pursuant to the deliberative process privilege, an agency

must demonstrate that the information would "reveal 'advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"   *In re Sealed Case*, 121 F.3d at 737 (*quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)).   Further, the information must be "pre-decisional and it must be deliberative[,]" and the agency should "not shield documents that simply state or explain a decision the government has already made or protect material that is purely factual."   *Id*. (citations omitted).

The issue surrounding the deliberative process privilege here is not about whether disclosure of the memoranda will cause future harm to open and frank discussions within agencies and the administration.   The requested records at issue here are not email communications and drafts, which might be more properly characterized as deliberative and pre-decisional.   Rather, the question at issue here is: do the memoranda encompass pre-decisional deliberations?   The very clear answer is no.   The memoranda Plaintiff seeks, and Defendants are improperly withholding, are a memorialization of final legal analysis and supporting law which provided "clear and ample authority" to justify the actions taken in the raid and killing of Osama bin Laden.   *See* Shiner Decl. ¶7.   The memoranda themselves are the "[written] record about each of the major issues [the authors] had worked out and their resolutions."   See Savage, Charlie, *Power Wars Inside Obama's Post-9/11 Presidency* at pg. 262-263.

Ms. Shiner describes the authors of the memoranda as being "an integral part of th[e] decision-making process."   Shiner Decl. ¶7.   Ms. Shiner describes the memoranda as "deliberative and pre-decisional because they consist of interim advice and recommendations made in the course of reaching a final Executive Branch decision on whether and how to proceed

with the proposed raid."   However, the memoranda are not "interim advice" nor

"recommendations" to ponder.   They are simply formal, written, final determinations "that the

operation would be conducted in complete accordance with applicable U.S. and International

legal restrictions and principles."   Shiner Decl. ¶7 quoting Stephen Preston, 2012 Harvard Law

School remarks.

The deliberative process privilege is dependent upon the individual document and the

role it plays in the administrative process.   Coastal States Gas Corp v. Department of Energy,

617 F.2d 854 (D.C. Cir. 1980).   Mr. Herrington asserts that the memoranda are pre-decisional

because the precede an ultimate decision made by the President.   *See* Herrington Decl. ¶6.

However, the memoranda themselves are final determinations that include analysis, support and

conclusions on very specific topics of law.   The memoranda do not "reflect the give-and-take of

the consultative process."   *See Coastal States Gas Corp.*, 617 F.2d at 866.   Rather, the

memoranda, as in *Coastal States*, discuss and analyze established law and precedent "in the light

of a specific, and [] hypothetical, fact pattern."   *Id.*

iii.  Presidential Communications Privilege

Defendants assert that the memoranda are covered in full by the presidential

communications privilege under FOIA Exemption 5.   *See* Shiner Decl. ¶ 8.   Courts must

construe presidential communications privilege narrowly.   *See Judicial Watch v. DOJ*, 365 F.3d

1108, 1116 (D.C. Cir. 2004); *Citizens for Responsibility & Ethics in Wash. v. Department of

Homeland Security*, 592 F.Supp.2d 111, 118-19 (D.D.C. 2009).   A cavalier attitude that allows

the President and Executive Branch to justify its actions without public oversight cannot be

permitted.   To do so would allow the President and Executive Branch to engage in governance

by "secret law".   *See Center for Effective Government v. U.S. Dep.'t of State*, Civil Action No.

13-0414 (ESH).   This greatly conflicts with the very purpose of FOIA.   It is [w]ithout

question" that FOIA is "broadly conceived…to permit access to official information long

shielded unnecessarily from public view and attempts to create a judicially enforceable public

right to secure such information from possibly unwilling official hands."   *Dep't of Air Force v.*

*Rose*, 425 U.S. 352, 361 (1976).   D.C. Circuit has concluded that Congress "indicated

unequivocally that the purpose of [FOIA] was to forbid secret law."   *Sterling Drug, Inc. v.*

*F.T.C.*, 450 F.2d 698, 713 (D.C. Cir. 1971) (Bazelon, C.J., concurring in part and dissenting in

part); *see also Schwartz v. Internal Revenue Serv.,* 511 F.2d 1303, 1305 (D.C. Cir. 1975) ("The

purpose of this limitation is to prevent bodies of 'secret law' from being built up and applied by

government agencies.").

Defendants assert that the memoranda cannot be disclosed because they include advice

that "was briefed to the President and his closest advisors for the purpose of providing an

understanding of the legal implications associated with taking certain courses of action."   *See*

Def.'s Memorandum in Support of Summary Judgment ("Def.'s SJ Memo") at 8; Shiner Decl.

¶8.

It is troubling to consider that effective governance requires that the legal justification for

a President's actions remain concealed from public scrutiny.    Yet, Defendants champion such a

notion.    Unfortunately, such a holding "would have far-reaching implications for the entire

executive branch that would seriously impede the operations and scope of FOIA."   *See Judicial*

*Watch*, 365 F.3d at 1119.

    b.   <u>Defendants are Improperly Withholding Memoranda Pursuant to Exemptions 1</u>

        <u>and 3</u>

Defendants assert that the withheld information pertains to "foreign relations or foreign activities, including confidential sources".   *See* Def.'s SJ Memo at 13 citing Exec. Order 13,526 §1.4(d).   Defendants proclaim national security interests in denying the release of the memoranda and rely on blanket statements of expertise in asserting substantial deference for making such a determination.   However, there are basic legal principles that must guide government operations and those in charge must be advised of such principles.   These basic legal principles and guidance are the subjects of the memoranda at issue and they should not be withheld from the public.

The secrecy provisions of the National Security Act, 50 § U.S.C. 403-1(i)(1) relied upon by the Defendants under FOIA Exemption 3 are not boundless, but instead only allow secrecy for "intelligence sources and methods."

Here, Plaintiff does not seek classified operational information, only non-exempt legal justifications and factual information.   The information sought by Plaintiff does not "logically fall" within the category of intelligence activities, sources, or methods, which are protected by statute, executive order, or properly classified.   While courts may afford "substantial weight" to agency's declarations addressing classified information, *King v. U.S. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1984), Defendants may not simply provide declarations that fail to adequately explain why certain information – legal, opinion, analysis – is categorized as a national security secret.   *See Halpern v. FBI*, 181 F.3d 279, 295 (2nd Cir. 1999) (declining to accept a "conclusory 'catch-all' assertion" that information is properly classified where Government did not provide "sufficiently specific explanation"); *Ctr. For Int'l Envtl. Law v. Office of U.S. Trade Representative*, CIV.A. 01-498 RWR, 2012 WL 640882, at *4 (D.D.C. Feb. 29, 2012) (the Government's "various arguments do not present a logical or plausible

explanation for its determination [that disclosure would cause 'damage to the national security'], and the record does not support a reasonable anticipation of harm from disclosure").

Ms. Shiner purports that there is discrete information within the documents that is protected by Exemption 1 because it is currently and properly classified and also protected by exemption 3 in connection with the National Security Act, which protects intelligence sources and methods.   *See* Shiner Decl. ¶12.   However, Ms. Shiner's declaration provides little more than a description of the legal standards for classification and a thread-bare assurance that the contents of the memoranda include such information.   This type of a conclusory declaration is generally rejected as inadequate to support Exemptions 1 and 3.   *See Halpern*, 181 F.3d at 293 (declining to credit a declaration that "barely pretend[ed] to apply the terms of [the Executive Order governing classification] to the specific facts of the documents at hand"); *ACLU v. Office of the Dir. Of Nat'l Intelligence*, No. 10 Civ. 4419 (RJS), 2011 U.S. Dist. LEXIS 132503, at *20 (S.D.N.Y. 2011) ("By proffering conclusory and nearly identical justifications for various withholdings, the government appears to assume that de novo FOIA review requires little more than a judicial spell check"); *El Badrawi v. Dep't of Homeland Sec.*, 583 F.Supp. 2d 285, 314 (D.Conn. 2008) (rejecting summary judgment based on a declaration that "merely restates the standards promulgated in [the Executive Order]").

Courts have departed from routine reliance on agency affidavits, prescribing to in camera review to facilitate full de novo adjudication of Exemption 1.   *Ray v. Turner*, 587 F.2d 1187, 1194-95 (D.C. Cir. 1978).   Here, the court should undergo an in camera review to determine the appropriateness of Defendants' asserted threat to national security in disclosing the memoranda in whole or in part.

**III.     Reasonably Segregable, Non-Exempt Information Must Be Produced**

To the extent that any legal or factual analysis includes properly classified, operational detail, Defendants mush show that such information cannot be safely segregated and disclosed.

Defendants have the burden of showing why disclosable discussion of legal principles in memoranda cannot be segregated from operational data. *See Sussman v. U.S. Marshals Serv.,* 494, F.3d 1106, 1116 (D.C.Cir. 2007) ("before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld"); *Soucie v. David*, 448 F.2d 1067, 1077-78 (D.C. Cir. 1971) (non-exempt material may be protected only if it is "inextricably intertwined" with exempt information). Defendants' declarations offer conclusory statements that information is not segregable are inadequate to meet its burden. *See Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776-77 (D.C.Cir. 2002) (affidavit adequate where it showed agency had conducted line-by-line review of document withheld in full).

Conclusory language in agency declarations that does not provide a specific basis for segregabiliity findings by district courts may be found inadequate. *See Dorsett v. United States Dep't of the Treasury*, 307 F. Supp. 2d 28, 41 (D.D.C. 2004) (denying summary judgment in part "[b]ecause of [agency's] inadequate and conclusory segregability explanation," and ordering renewed motion with affidavit solely addressing segregability); *Animal Legal Def. Fund*, 44 F. Supp. 2d at 301 (holding that conclusory statement regarding segregability is "patently insufficient"); *Bay Area Lawyers Alliance for Nuclear Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1300 (N.D. Cal. 1992) (finding that "boilerplate" statement that "no segregation of nonexempt, meaningful information can be made for disclosure" is "entirely insufficient"); *see also Patterson v. IRS*, 56 F.3d 832, 839 (7th Cir. 1995) ("[B]ecause the [agency declaration] lumps all of the withheld information together in justifying nondisclosure, the district court could not

have independently evaluated whether exempt information alone was being withheld or deleted in each instance.").

A district court decision may be remanded entirely on procedural grounds – even if it correctly rules for the agency in all substantive exemption respects – if it fails to make segregability findings.  *See James Madison Project v. NARA*, No. 02-5089, 2002 WL 31296220, at \*1 (D.C. Cir. Oct. 11, 2002) (per curiam) (remanding, despite ruling in favor of government on exemption claims, for a "more precise finding" on segregability); *McSheffrey v. Executive Office for United States Attorneys*, 13 Fed. Appx. 3, 4 (D.C. Cir. 2001) (remanding with explicit instructions that the district court "determine whether any portion of these documents can be segregated for release"); *Isley*, 1999 WL 1021934, at \*7 (remanding case for segregability finding); *Kimberlin*, 139 F.3d at 950 ("[W]e must remand this case to the district court to determine whether any of the withheld documents contains material that can be segregated and disclosed ..."); *Wiener v. FBI*, 943 F.2d 972, 988 (9th Cir. 1991) (holding that "district court erred by failing to make specific findings on the issue of segregability" and remanding for "specific finding that no information contained in each document or substantial portion of a document withheld is segregable"); *Judicial Watch, Inc. v. United States Dep't of Justice*, No. 02-348, slip op. at 3 (D.D.C. Mar. 31, 2004) (denying summary judgment because segregability analysis was inadequate despite also finding that agency properly invoked Exemption 5 to withholding documents at issue) (motion for reconsideration pending); *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (approving of district court's sua sponte segregability determination).

## IV.    In Camera Review of Withheld Records May be Appropriate

At issue are five memoranda that Defendants are withholding from Plaintiff in whole. Defendants claim that these records are exempt from disclosure pursuant to FOIA Exemptions 1, 3, and 5.   Plaintiff asserts that Defendants have not adequately shown that the records are in fact wholly classified or subject to the claimed privileges.   Because the requested records are "few in number and of short length[,]" Plaintiff asserts that the Court could reasonably review the responsive records *in camera*.   *Allen v. CIA*, 636 F.2d 1287, 1298 (D.C. Cir. 1980).   Since classified information and attorney-client privilege are claimed, it may be difficult for the agency to provide more detailed explanations of the documents.   "Sufficiently detailed justifications for the agency's withholdings are often impossible, however, because such justifications would reveal the very information sought to be protected.   In those instances, we doubt that there is any way the agency action could be sustained without in camera inspection. And in camera inspection permits the courts in such instances to fulfill their statutory obligation to conduct a meaningful de novo review."   *Id.*

Finally, the Circuit Court has held:

> In cases that involve a strong public interest in disclosure there is also a greater call for in camera inspection.   The Freedom of Information Act was aimed at ending secret law and insuring that this country has an informed, intelligent electorate.   When citizens request information to ascertain whether a particular agency is properly serving its public function, the agency often deems it in its best interest to stifle or inhibit the probes. It is in these instances that the judiciary plays an important role in reviewing the agency's withholding of information. But since it is in these instances that the representations of the agency are most likely to be protective and perhaps less than accurate, the need for in camera inspection is greater.

*Id.* at 1299.

The Court should order production of the Memos for in camera inspection, which is within the Court's broad discretion.   *See Lam Lek Chong v. DEA*, 929 F.2d 729, 735 (D.C. Cir.

1991).   This will allow the Court to determine whether any privileges attach to the Memoranda at issue.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion for summary judgment should be denied and Plaintiff's motion for summary judgment should be granted.   Defendants should be ordered to produce the five Memoranda in whole or in part that they are improperly withholding from Plaintiff.

Dated:    September 26, 2016

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Lauren M. Burke*
D.C. Bar No. 1028811
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org

*Attorney for Plaintiff*